UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR BANKUNITED, FSB,<br><br>        Plaintiff,<br><br>v.<br><br>MADISON TITLE AGENCY, LLC, and RICHARD T. NICOLOSI d/b/a NICOLOSI APPRAISAL SERVICES,<br><br>        Defendants.<br><br>MADISON TITLE AGENCY, LLC,<br><br>        Third-Party Plaintiff,<br><br>v.<br><br>ROSE NEUSTEIN, EPHRAIM NEUSTEIN, ANNIE NEUSTEIN, CARL SUBER, and ELAINE SUBER,<br><br>        Third-Party Defendants. | Civil Action No. 12-3009 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

    This matter comes before the Court on Defendant/Third-Party Plaintiff Madison Title Agency, LLC's ("Madison") motion for entry of default judgment against Third-Party Defendants Rose, Ephraim, and Annie Neustein ("Neusteins"). (ECF No. 45.) Madison seeks to obtain a judgment against the Neusteins for the value of the settlement it independently negotiated with Plaintiff Federal Deposit Insurance Corp. ("FDIC"), acting as receiver for BankUnited, FSB ("BankUnited").

I.  **Background**

Initially, this case was brought before the Court by the FDIC. The FDIC asserted various state-law claims against Madison and its co-defendant, Richard T. Nicolosi ("Nicolosi"). The FDIC alleged that Madison, a settlement agent, and Nicolosi, an appraiser, committed malpractice and breached contractual duties owed to BankUnited in connection with the sale of two properties in Newark, New Jersey. (Compl. ¶¶ 22-54, ECF No. 1.) Subsequently, Madison filed a third-party complaint against the Neusteins and Carl and Elaine Suber ("the Subers"), asserting state-law claims for indemnification and contribution. (ECF No. 18.) The majority of the claims asserted by the parties have been resolved without the Court's intervention. Madison and the Subers stipulated to the dismissal of the third-party claims asserted against the Subers. (ECF No. 43.) The FDIC stipulated to the dismissal of its primary claims against both Madison and Nicolosi. (ECF Nos. 47, 49.) As a result, the only claims remaining in the action are Madison's third-party claims against the Neusteins, which are the subject of this motion.

II.  **Discussion**

Madison now moves for default judgment against the Neusteins, who have failed to answer the third-party complaint or otherwise appear. Madison requests that the Court enter judgment in its favor for $225,000, or the value of the settlement it negotiated with the FDIC. Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of default judgment against a party that has not appeared or defended claims asserted against it. Where the claim asserted does not request an easily calculable amount of damages, the party seeking default judgment must petition the court for relief. Fed. R. Civ. P. 55(b). A court may "enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. V.I. Bd. of Tax Review*, 922 F.2d 168,

2

177 n.9 (3d Cir. 1990)). "[T]he entry of a default judgment is left primarily to the discretion of the district court," *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984), but "default judgments are generally disfavored in our circuit." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008).

Prior to granting judgment or providing relief of any kind, the Court must first determine whether it has subject matter jurisdiction over the action. "[I]t is indeed axiomatic that, prior to entering default judgment, the Court must ensure that it has proper jurisdiction over the action . . . ." *Animal Sci. Prods., Inc. v. China Nat. Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008). The FDIC initially brought suit in federal court pursuant to a statutory grant of jurisdiction. 28 U.S.C. § 1345; 12 U.S.C. § 1819(b); *see also Fed. Deposit Ins. Corp. v. Blue Rock Shopping Ctr., Inc.*, 766 F.2d 744, 747 (3d Cir. 1985), *abrogated on other grounds by Langley v. Fed. Deposit Ins. Corp.*, 484 U.S. 86 (1987). However, all claims asserted by the FDIC have been dismissed. Accordingly, the Court must determine whether it should exercise supplemental jurisdiction over Madison's third-party claims.

The Court declines to exercise supplemental jurisdiction over Madison's third-party claims. A district court's exercise of supplemental jurisdiction is discretionary. "The district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). The FDIC's claims, which formed the basis of the Court's original jurisdiction, have all been dismissed with prejudice, and the balance of the relevant factors in determining whether to exercise supplemental jurisdiction weighs in favor of declining jurisdiction. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point towards declining

3

jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, all that remains to be decided are state-law claims for contribution and indemnification, and none of the factors in favor of retaining jurisdiction are present. For one, the Court has not yet committed substantial judicial resources to the action. *Cf. Annulli v. Panikkar*, 200 F.3d 189, 202-03 & n.14 (3d Cir. 1999). Other than preliminary scheduling matters and this motion, the Court has had minimal involvement in the case. Furthermore, the Court's decision to decline jurisdiction will not affect Madison's ability to bring its indemnification and contribution claims elsewhere. Madison will be afforded time to renew its state-law claims in another forum regardless of the applicable statute of limitations. 28 U.S.C. §1367(d). Moreover, the validity of these claims is unclear, particularly where the third-party defendants have not appeared to defend the claims,[1] and the Court has not received any evidence supporting the claims at issue. New Jersey's courts are in a better position to determine the merit of Madison's claims under the New Jersey Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 to -48.

## III. Conclusion

For the foregoing reasons, the Court dismisses Madison's third-party complaint against the Neusteins without prejudice for lack of subject matter jurisdiction. All claims supporting the

---

[1] The Court notes that Madison faces significant hurdles in obtaining a default judgment for the claims asserted. For one, default judgment cannot be awarded where the validity of the claims at issue are in doubt. *E.A. Sween Co. v. Deli Express of Tenafly, LLC*, 19 F. Supp. 3d 560, 566-67 (D.N.J. 2014). Madison has not plead any contractual or implied duty on the part of the Neusteins to indemnify it. *See Allied Corp. v. Frola*, 730 F. Supp. 626, 639 (D.N.J. 1990), *abrogated on other grounds by Apgar v. Lederle Labs.*, 123 N.J. 450 (1991). In addition, under New Jersey law, a claim for contribution based on settlement requires a judgment, *i.e.*, more than a stipulation of dismissal, in order to be maintained. *Craig v. Norton*, 388 F. App'x 228, 231 (3d Cir. 2010) (quoting *Polidori v. Kordys, Puzio & Di Tomasso*, 217 N.J. Super. 424, 432 (App. Div. 1987)). Furthermore, Madison has not made clear that it is entitled to obtain a default judgment for the total value of the settlement.

4

Court's original jurisdiction have been dismissed, and the Court declines to exercise supplemental jurisdiction over Madison's state-law claims. Madison's motion for default judgment is denied as moot.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: December 17, 2014